[Cite as *State v. Combs*, 2026-Ohio-3043.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-33 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 CR 034 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| AMY MICHELLE COMBS | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 7, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

## OPINION
CHAMPAIGN C.A. No. 2025-CA-33

HOLLY M. SIMPSON, Attorney for Appellant
JANE A. NAPIER, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Amy Michelle Combs appeals from her judgment entry of conviction on three counts of tampering with coin machines. For the following reasons, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶ 2} Combs was indicted on April 7, 2025, on eight counts of tampering with coin machines, which were based on a theft from a laundromat. On October 16, 2025, she pleaded guilty to three of the eight counts, and in exchange, the remaining charges were dismissed. The court sentenced Combs to 12 months on each count to be served consecutively pursuant to R.C. 2929.14(C)(4), for an aggregate term of 36 months. The court imposed a total fine of $750 and ordered $200 in restitution to the victim.

## Assignments of Error and Analysis

{¶ 3} Combs asserts two assignments of error, which we consider together. She claims that the trial court erred in imposing consecutive sentences "when the court's findings supporting the sentence are not found in the record." She also claims that the consecutive 36-month term is "grossly disproportionate" to the offenses. She argues that her "excessive" punishment was cruel and unusual. Combs contests the court's conclusion at disposition that she showed no genuine remorse and instead blamed her codefendant.

{¶ 4} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). Under this

2

standard, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "'clearly and convincingly' finds either (1) that the record does not support certain specified findings [including those under R.C. 2929.14(C)(4), which concern the imposition of consecutive sentences] or (2) that the sentence imposed is contrary to law." *Id*.

{¶ 5} R.C. 2929.14(C) states in relevant part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

. . .

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 6} At disposition, the court stated:

In imposing consecutive sentences, the Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant. And consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger that Defendant poses to the public. And Defendant's history of criminal conduct demonstrates that

3

consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶ 7} Combs's judgment entry of conviction states that she demonstrated a lack of genuine remorse and assigned full blame for her conduct to her co-defendant, Anthony Landgraf, who also has an extensive criminal history. The entry highlights Combs's criminal history in Ross, Scioto, Hamilton, and Montgomery Counties: 29 convictions for theft-related conduct, ranging from second-degree felony burglary to misdemeanor theft; 7 convictions for alcohol or drug-related offenses; 5 convictions for vehicle trespass; 9 theft-related cases that were dismissed; 2 theft-related cases with unclear dispositions; and 6 vehicle trespass cases with unclear dispositions. According to the entry, after Combs committed the offenses in this case, but before her arraignment on them, she committed failure to comply with an order or signal of a police officer and theft offenses, both of which occurred in Montgomery County. When Combs committed the Montgomery County offenses, she was on community control supervision for her conviction of possession of cocaine, and she was also on bond for a pending charge of possession of cocaine (for which she was also convicted). The trial court indicated that Combs had an unresolved community based correctional facility commitment pending the outcome of this matter. The court found that the offenses to which Combs pleaded guilty in this case were not crimes of opportunity but were premeditated. The court determined that Combs had failed to respond favorably to sanctions previously imposed.

{¶ 8} Combs's PSI is consistent with the court's recitation of her criminal history. She described an "addiction to stealing" that began during childhood family vacations to Hilton Head, South Carolina, where she and her mother each stole dishes and silverware comprising a full service for eight from an "expensive hotel restaurant." As for the incident

4

underlying this case, the PSI states that Combs and Landgraf entered the laundromat wearing masks and sunglasses and that surveillance video depicted Combs acting as a "lookout" during the theft, suggesting premeditation. As the court found, Combs did not express remorse and blamed Landgraf. Combs stated that she passed out while travelling in Landgraf's vehicle, woke up at the laundromat, went inside, and was "NOT OK with anything that [Landgraf] was doing by getting into the machines." According to Combs, she "told [Landgraf that] this IS not what I had expected" and that she did not want "any part of his shenanigans." She stated that she got back in the car, did drugs, and passed out again. Combs stated that when she and Landgraf returned to Dayton, she accepted $20 in quarters from Landgraf, belying any suggestion of remorse.

{¶ 9} Combs's individual sentences for the fifth-degree felony offenses are not contrary to law. R.C. 2929.14(A)(5). Based on her documented criminal history, we do not clearly and convincingly find that the record does not support the trial court's findings under R.C. 2929.14(C)(4)(c) and its imposition of consecutive sentences.

{¶ 10} Finally, the Eighth Amendment's prohibition on "cruel and unusual punishments" requires that the punishment for a crime be proportionate to the offense. *Weems v. United States*, 217 U.S. 349, 367 (1910). "'[C]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person.'" *State v. Weitbrecht,* 86 Ohio St.3d 368, 371 (1999), quoting *McDougle v. Maxwell,* 1 Ohio St.2d 68, 69 (1964). "'As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.'" *State v. Hairston,* 2008-Ohio-2338, ¶ 21, quoting *McDougle* at 69*.* In *Hairston,* the Supreme Court concluded that the imposition of an aggregate 134-year prison term on a defendant did not constitute cruel and unusual

5

punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution. The Court held, "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id*. at syllabus.

{¶ 11} None of the individual sentences imposed on Combs were grossly disproportionate to their respective offenses as they were within the statutory range. Accordingly, the aggregate prison term resulting from the consecutive imposition of those sentences was not unconstitutional.

{¶ 12} Based on the foregoing, Combs's assignments of error are overruled.

### Conclusion

{¶ 13} The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and EPLEY, J., concur.